**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DUNKIN' DONUTS, INC.,** *et al.*, | : | Case No. 1:03CV2515 |
| | : | |
| Plaintiffs, | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| v. | : | |
| | : | |
| **AKRON DONUTS, Inc.,** *et al.*, | : | **OPINION AND ORDER** |
| | : | |
| Defendants. | : | |

This matter, brought before this Court by Plaintiffs, Dunkin' Donuts Inc., Baskin-Robbins USA, Co., and Togo's Eateries, Inc. (collectively referred to as "Plaintiffs"), arises from Defendants', Akron Donuts, Inc., North Canton Donuts, Inc., and Karen Clark (collectively referred to as "Defendants"), failure to fulfill their obligations pursuant to the parties' settlement agreement and franchise agreements. On October 5, 2004, Plaintiffs filed this **Motion for Summary Judgment**. Doc. 54. On November 2 and November 30, 2004, Defendants filed *unopposed* motions for extension of time to file a response in opposition, which this Court granted. Defendants, however, failed to file a response by this Court's December 30, 2004 deadline. Accordingly, on January 6, 2005, Plaintiffs filed a **Notice Of Unopposed Motion For Summary Judgment And Request For Judgment**, which remains, to date, *unopposed* by Defendants.

In light of the pleadings before this Court, Defendants fail to point out specific facts in the record that create a genuine issue of material fact such that Plaintiffs' requests for relief should not be granted. Accordingly, for the reasons more fully discussed below, this Court **GRANTS** Plaintiffs' **Motion for Summary Judgment**.

**I. Background**

The facts in this case are undisputed. Plaintiffs are engaged in the business of franchising independent business persons to operate their stores throughout the United States.[1] Defendants operated two stores, Akron Donuts, Inc. and North Canton Donuts, Inc., which were formally licensed franchisees of Plaintiffs. Doc. 54, p. 3-4. Defendant Karen Clark is the sole shareholder in both corporations. Doc. 54, p. 1. Upon entering into a franchise agreement with Plaintiffs, dated May 2, 2001, Akron Donuts, Inc. owned and operated, under joint development, a Dunkin Donuts, Baskin-Robbins, and Togo's franchise.[2] On June 8, 2001, Canton Donuts, Inc. entered into a franchise agreement with Plaintiffs Dunkin Donuts, Inc. and Baskin-Robbins, Inc.

On October 10, 2002, Plaintiffs filed a complaint in this Court against Defendants. *See* Doc. 54. That lawsuit arose from Defendants' material breaches of both the May 2 and June 8 franchise agreements. It ultimately resulted in a settlement agreement between the parties; this Court dismissed the action though it retained jurisdiction to enforce the terms of the agreement. Doc. 54, p. 6.

Plaintiffs sought to and received permission to reopen the action against based on allegations that

---

[1] Each plaintiff-party operates as a separate corporation. The corporations pursue or permit joint development of their stores in selected markets. Doc. 54, p. 2-3.

[2] On or about September 2002, Defendant Akron Donuts, Inc. ceased operating the Togo's franchise. Doc. 54, p. 3.

Defendants failed to comply with the obligations under the settlement. Plaintiffs first allege that Defendants breached the settlement agreement by failing to close on the sale of their franchises. As a result, Plaintiffs terminated Defendants' franchise agreements and requested Defendants deidentify the Akron Store, transfer and convey to Plaintiffs the right, title and interest in the North Canton Store, and comply with all post-termination obligations. All of these demands are remedies for Defendants' failure to fulfill its obligations under the settlement agreement and are expressly set forth in that agreement. *See* Doc. 54, pp. 6-12.

Next, Plaintiffs assert that Defendants further breached both the settlement and franchise agreements by failing to comply with Plaintiffs' demands and continuing to use Plaintiffs' marks. Plaintiffs also allege that Defendants failed to pay franchise and advertising fees while continuing to operate the Akron and North Canton Stores. Plaintiffs, consequently, served the Defendants a Supplemental Notice of Termination of the Franchise Agreements. Defendants, ignoring this notice, continued to use Plaintiffs' marks while failing to pay any of the required fees. At a hearing before this Court regarding Plaintiffs' Motion for Preliminary Injunction on March 15, 2004, Defendants admitted their breaches of both agreements.[3]

Based upon Defendants' failure to comply with the settlement and franchise agreements, Plaintiffs request relief under all counts of their original Complaint - four counts of Breach of Contract (Counts I - IV), two counts of Trademark Infringement (Counts V - VI), two counts of Unfair Competition (Counts VII - VIII), and one count of Trade Dress Infringement (Count IX).[4] *See* Doc. 31, exh. 2, ¶¶ 60-92**.**

**II. Law**

---

[3] Defendant Karen Clark, the sole shareholder of Defendants Akron Donuts, Inc. and Canton Donuts, Inc., admitted to these breaches. Doc. 54, p.15.

[4] Plaintiffs clarify that the Trademark Infringement Claims and Trade Dress claims are being brought by Dunkin' Donuts Inc. and Baskin-Robbins USA, Co., only. Doc. 54, p. 20.

Federal Rule of Civil Procedure 56(c) governs summary judgment motions and provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . .

Rule 56(e) specifies the materials properly submitted in connection with motions for summary judgment:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein . . . . The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The movant, however, is not required to file affidavits or other similar materials negating a claim for which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential elements in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In reviewing summary judgment motions, this Court must view the evidence in the light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 154 (1970); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943-44 (6th Cir. 1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases the Court must decide

4

"whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id*. at 252.

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)). The non-moving party is under an affirmative duty to point out specific facts in the record, as it has been established, which create a genuine issue of material fact. *Fulson v. City of Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id*.

### III. Plaintiffs Motion for Summary Judgment on All Counts is GRANTED

Upon Plaintiffs' filing of this Motion for Summary Judgment, Defendants were required to file an Opposition within thirty (30) days. *See* Local Rule 7.1(d). Here, Defendants are under an affirmative duty to point out specific facts in the record, as it has been established, which create a genuine issue of material fact. *Fulson*, 801 F. Supp. at 4. In response to Defendants' requests therefore, this Court granted two consecutive motions for extension of time to file an opposition to Plaintiffs' motions. To date, despite the passing of two extended deadlines, Defendants have failed to file any such pleading, and have sought no further extensions of time.

In light of the pleadings before it, this Court finds that no material issue of fact exists which would

5

prevent entry of judgment in Plaintiffs' favor. As the record reflects, there is no question that Defendants have materially breached both the franchise agreement and the settlement agreement they entered into before this Court. Accordingly, this Court finds Plaintiffs are entitled to judgment as a matter of law on all counts (I - IX).

Plaintiffs seek six remedies for their nine counts for relief. First, Plaintiffs request an injunction permanently enjoining Defendants to comply with all of their post-termination obligations under the settlement, franchise, and lease rider agreements, and any other agreements with Plaintiffs. Second, Plaintiffs seek an award of actual damages based on Defendants' failure to pay franchise fees, advertising fees and interest (totaling $37,656.33). Plaintiffs further seek an award for back-rents for the North Canton location (totaling $12,820.06). Fourth, Plaintiffs seek an award for missing equipment that Defendants were obligated to transfer to Plaintiffs pursuant to the settlement agreement (totaling $9,760.29). Finally, pursuant to the settlement and franchise agreements, Plaintiffs seek reasonable attorneys' fees and costs. In light of Defendants' perpetual material breaches of both the franchise and settlement agreements, this Court grants Plaintiffs all of the relief requested:

**It is hereby ordered that**:

(1) Defendants' franchise agreements are terminated as of April 20, 2005;

(2) Defendants are permanently enjoined to comply with all of their post-termination obligations under the settlement agreement, franchise agreement, lease rider, and any other agreements with Plaintiffs;

(3) Defendants shall pay Plaintiffs $37, 656.33 for past franchise fees, advertising fees and interest within ten (10) days of the date of this Order;

(4) Defendants shall pay Plaintiffs $12,820.06 in past due rent that Defendants are obligated to pay under the lease rider within 10 days of the date of this Order;

(5) Defendants shall pay Plaintiffs $9,760.29 for the equipment that was not transferred to Plaintiffs under the settlement agreement within 10 days of the date of this Order;

(6) Defendants shall also pay Plaintiffs' reasonable attorneys' fees and expenses incurred in this case. Plaintiffs shall submit a fee petition by no later than May 6, 2005, with Defendants' opposition thereto due by May 16, 2005, and Plaintiffs' reply, if any, due by May 25, 2005.

### IV. Conclusion

Because Defendants failed to meet their burden by establishing that a genuine issue of material fact exists, this Court finds Plaintiffs are entitled to judgment as a matter of law. This Court, therefore, **GRANTS** Plaintiffs' **Motion for Summary Judgment** as to all nine counts. Accordingly, this Court **GRANTS** Plaintiffs' requests for relief.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: April 20, 2005**